**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta*
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail:  pfraietta@bursor.com

**EDELSON PC**
Ari J. Scharg*
Benjamin Thomassen*
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589.6370
Fax: (312) 589.6378
ascharg@edelson.com
bthomassen@edelson.com

*Pro hac vice application forthcoming*

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON MCKINNEY, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br> v.<br><br>MEREDITH CORPORATION,<br>         Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Sharon McKinney ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Meredith Corporation ("Meredith" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

### NATURE OF ACTION

1. Defendant is an international media company that publishes some of the most widely circulated magazines in the United States, including *Better Homes and Gardens*, *Family Circle*, *People*, *Sports Illustrated*, *Southern Living*, and *Shape*.

2. Defendant derives revenue in at least two ways: First, it sells subscriptions to its magazines to consumers; and second, it sells the identities of its magazine subscription consumers to various third parties, including data miners, data aggregators, data appenders, data cooperatives, list rental recipients, list exchange recipients, and/or list brokers, among others ("Data Brokerage Clients").

3. The Data Brokerage Products that Meredith rents, exchanges, and discloses to its Data Brokerage Clients contain its customers' specific identities, including their full names, titles of magazine publications subscribed to, home addresses, and myriad other categories of individualized data such as each customer's gender, ethnicity, and religion.

4. By renting, exchanging, or otherwise disclosing—rather than outright selling—its magazine subscribers' identities, Meredith is able to misappropriate (and profit from) their identities time and time again to countless third parties.

5. Meredith's disclosure of names and identities and other individualized information is not only unlawful but is also dangerous, because it provides malevolent actors with the tools needed to target particular members of society.

6. By selling products to its Data Brokerage Clients comprised entirely of its magazine subscribers' identities ("Data Brokerage Products")—without their consent—Defendant has violated, and continues to violate the California Right of Publicity Statute.

**DEFENDANT MISAPPROPRIATES PLAINTIFF'S IDENTITY**

7. California's misappropriation of name or likeness statute, Cal. Civ. Code § 3344, bans the knowing use of "another's name, … or likeness, in any manner, on or in products, merchandise, or goods … without such person's prior consent."

8. When the California legislature amended Cal. Civ. Code § 3344 in 1984, they inserted the phrase, "on or in products, merchandise, or goods." Stats.1984, ch. 1704, § 2, p. 6172. By adding this language the California legislature meant to make liable any entity who uses another person's name in their product rather than simply in a product's advertising. *Comedy III Productions, Inc. v. Gary Saderup, Inc.*, 21 P.3d 797, 801-02 (Cal. 2001).

9. Selling the names and subscriber information as detailed above clearly constitutes using a person's name or likeness "on or in products, merchandise, or goods."

10. Meredith directly sells its products and services to consumers in California.

11. Additionally, neither Plaintiff nor class members provided Defendant with consent to use their names or identities in Defendant's products. As detailed above, Meredith uses class members' names and identities in its products, goods, merchandise and/or services. Thus, Defendant violates California Civil Code § 3344.

12. Plaintiff is not challenging Defendant's core business as a magazine publisher. Defendant could easily maintain its business model while still complying with California state law.

**PARTIES**

13. Plaintiff Sharon McKinney is a citizen of California who resides in Waterford, California. Plaintiff McKinney subscribes to *Better Homes and Gardens* Magazine. She has been a subscriber for approximately two years.

14. Defendant Meredith Corporation is an Iowa corporation with its principal place of business at 1716 Locust Street, Des Moines, Iowa 50309-3023. Meredith does business throughout Iowa, California, and the entire United States.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, together with most members of the proposed class, is a citizen of a state different from Defendant.

16. This court has specific personal jurisdiction over Defendant because Defendant purposely collected and sold the names and personal information of individuals in this district and because Plaintiff's injury resulted from Defendant's purposefully directed activities in this district.

17. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District and Defendant is at home in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

***Meredith Unlawfully Rents, Trades, And Discloses Its Customers' Names And Identities***

18. Meredith maintains a vast digital database comprised of its customers' magazine subscription histories and preferences. Meredith discloses its magazine subscribers' names and identities to data aggregators and appenders, which then provide Meredith with supplemental information that they have separately collected about each Meredith subscriber.

19. Meredith then packages this information into its Data Brokerage Products that are licensed to its Data Brokerage Clients.

20. Meredith also discloses its Data Brokerage Products to data cooperatives, which in turn give Meredith access to their own subscription list databases.

21. Meredith does not seek its customers' prior consent, written or otherwise, for any of these disclosures, and its customers remain unaware that their identities are being rented and exchanged on the open market.

22. Consumers can purchase subscriptions to any of Meredith's publications through the Internet, telephone, or mail. Regardless of how the consumer subscribes, Meredith never requires the individual to read or agree to any terms of service or privacy policy, let alone one that would allow it to misappropriate their property rights with impunity. Consequently, Meredith uniformly

fails to obtain any form of consent from – or even provide effective notice to – its customers before misappropriating their identities.

## CLASS REPRESENTATION ALLEGATIONS

23. Plaintiff McKinney seeks to represent a class defined as all California residents whose names and/or identities were contained on or in any of Meredith's Data Brokerage Products (the "Class").

24. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the hundreds of thousands. The precise number of class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

25. Common questions of law and fact exist as to all class members and predominate over questions affecting only individual class members. Common legal and factual questions include, but are not limited to:

    (a) Whether Meredith uses class members' names and identities on or in its Data Brokerage Products;

    (b) Whether the conduct described herein constitutes a violation of California Civil Code § 3344; and

    (c) Whether Plaintiff and the Class are entitled to injunctive relief.

26. The claims of the named Plaintiff are typical of the claims of the Class.

27. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of class members will be fairly and adequately protected by Plaintiff and her counsel.

28. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class. Each individual class member may lack the resources to

undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.  Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

## COUNT I
### Violation of Cal. Civ. Code § 3344

29. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

30. Plaintiff brings this claim individually and on behalf of the members of the Class.

31. Cal. Civ. Code § 3344 prohibits a corporation from using a person's name or likeness on or in its Data Brokerage Products without the consent of Plaintiff or the class members.

32. As shown above, Defendant used Plaintiff's and the putative class members' names and likenesses on or in connection with Defendant's products, goods, merchandise, and/or services without the consent of Plaintiff or class members.

33. Plaintiff is domiciled and suffered injury in California.

34. As the subject of a commercial transaction, the aspects of Plaintiff's and the Class's personalities that Defendant uses on or in connection with its products, services, or other commercial activities have commercial value.

35. Defendant has sold these aspects of Plaintiff's and the Class's personalities intentionally, willfully, and knowingly.

36. Based upon Defendant's violation of Cal. Civ. Code § 3344, Plaintiff and members of the Class are entitled to (1) an injunction requiring Defendant to cease using Plaintiff's and members of the Class's names and any aspects of their personalities on or in connection with its products, goods, merchandise, services, and/or commercial activities (2) statutory damages in the amount of $750 per violation to the members of the Class, and (3) an award of reasonable attorneys' fees, expenses, and costs under Cal. Civ. Code § 3344.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

b. For an order declaring the Defendant's conduct violates the statute referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For all injunctive relief the court finds appropriate; and

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.

Dated: November 4, 2021    **BURSOR & FISHER, P.A**.

By:  */s/ L. Timothy Fisher*
        L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)

1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta*
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail:  pfraietta@bursor.com

**EDELSON PC**
Ari J. Scharg*
Benjamin Thomassen*
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589.6370
Fax: (312) 589.6378
ascharg@edelson.com
bthomassen@edelson.com

*Pro hac vice application forthcoming*

*Attorneys for Plaintiff*